CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 11 2019

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL H. SAMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 7:18CV497 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| WILLIAM Q. OVERTON, JR., *et al.*, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Michael H. Sammons, an inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter before the court is the motion to dismiss filed by defendants Sheriff William Q. Overton, Jr., Deputy Sergeant Robert Feather, Jr., Deputy Sergeant Robert Pigg, Deputy Teresa Bailey, Deputy Robert Hodges, the Franklin County Board of Supervisors, and Superintendent Bobby Russell.[2] Upon review of the record, I conclude that the defendants' motion must be granted.

I.

On December 3, 2017, Sammons, while confined at the Franklin County Jail ("Jail"), slipped and fell due to a leaky faucet in the holding cell.[3] According to Sammons, Sheriff Overton's "misappropriation of funds and failing to have the faulty faucet repaired/replaced" caused a "wet

---

[1] I have omitted internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] On July 24, 2019, I entered an order approving Sammons' motion to amend his complaint to withdraw his claims against defendant Dr. Doe and terminated Dr. Doe from the case. [ECF No. 21].

[3] In his complaint, Sammons does not state the date of the incident. Attached to his response to defendants' motion for summary judgment, Sammons provides an affidavit by a fellow inmate at the Western Virginia Regional Jail who was present on the date of the incident. According to that inmate's affidavit, the incident occurred on December 3, 2017. (Resp. Mot. Summ. J. 2 [ECF 18-1]).

hazardous condition" that led to Sammons' slip and fall.[4] (Compl. ¶ 31 [ECF 1]). Following the incident, Sammons received treatment for his injuries.

Sammons alleges that his injury was caused by the "negligence of the Sheriff or/and his agents disregard for faulty faucets." (Id. at ¶ 34). Prior to Sammons' fall, there were "numerous slip and falls caused by the wet hazardous conditions." (Id. at ¶ 35). Sammons claims that he was left on the floor, covered in feces and urine, and that the guards laughed at him. The guards also did not provide Sammons with soap, clean clothing, or proper bedding for a period of five days.

At the emergency room, Sammons was examined by a physician, given a CT scan, and prescribed medication. According to Sammons, "the staff of Franklin County Jail failed to follow or fill [the prescription]." (Id. at ¶ 43). Sammons further alleges that he was denied treatment during his detainment at Western Virginia Regional Jail.

Liberally construed, Sammons' claims are that: (1) the conditions in the holding cell, including the leaky faucet, violated his Eighth Amendment rights; and (2) jail staff failed to give him prescribed medication in violation of the Eighth Amendment.

## II.

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. See Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013); see also Erickson v.

---

[4] Sammons' complaint alleges that Franklin County Sheriff Overton acted inappropriately to obtain his position and has since misappropriated funds. Such allegations are not an issue before the court as neither, even if true, is relevant to any of Sammons' claims. These allegations are unsupported by facts, and thus, I need not, and do not, accept them as true. E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]e need not accept the legal conclusions drawn from the facts. Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). Moreover, Sammons utterly fails to connect these vague generalizations to any violations of his constitutional rights.

Pardus, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Sammons is proceeding pro se and, thus, entitled to a liberal construction of his pleading. See, e.g., Erickson v. Pardus, 551 U.S. 89, 90-95 (2007). However, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

### III.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (abrogated on other grounds by Cty. of Riverside v. McLaughlin,

500 U.S. 44 (1991)). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

A. Conditions of Confinement

Sammons alleges that a cell where he was held at the Jail had a leaky faucet, which led to his slip and fall, and subsequent injury. The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime. U.S. Const. amend. VIII. The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials must take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To make out an Eighth Amendment cruel-and-unusual-punishment claim, a plaintiff must satisfy two prongs: first, "the deprivation of [a] basic human need was objectively sufficiently serious" and, second, "subjectively the officials acted with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (citing Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)).

In the context of a conditions-of-confinement claim, to determine if a deprivation is sufficiently serious to satisfy the first prong, a court must evaluate the conditions in light of contemporary standards of decency, keeping in mind that the Eighth Amendment "does not mandate comfortable prisons," but only prohibits "extreme deprivations." Shakka, 71 F.3d at 166. To demonstrate that the conditions are "extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. To satisfy the second subjective prong, a plaintiff must demonstrate that the prison official

- 4 -

acted with deliberate indifference—that the "prison official [knew] of and disregard[ed] the objectively serious condition . . . or risk of harm." Id.

Sammons' allegations fail to indicate that any of the staff at the Jail were aware at the time Sammons was injured that the leaky faucet posed a substantial risk of serious harm, or that the staff disregarded the problem. Sammons relies on conclusory allegations that the Jail staff was aware of the faulty sink and the sink could have been "easily corrected to prevent his injuries." (Compl. at ¶ 40). However, because Sammons does not identify an individual defendant as having knowledge of and disregarding the risk the sink posed, he fails to state a conditions-of-confinement claim actionable under § 1983.[5] Accordingly, the court will grant the defendants' motion to dismiss with respect to this claim.[6]

B. Medical Treatment

Sammons alleges that the Jail staff failed to provide him with the medication he was prescribed following his slip and fall, in violation of his Eighth Amendment rights. To state a claim for denial of medical care or inadequate medical treatment under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate deliberate indifference to a serious need. See Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). Deliberate indifference to a serious medical need

---

[5] Moreover, "[c]ourts have routinely held that slip and fall accidents do not give rise to federal causes of action under § 1983." Ball v. City of Bristol, No. 7:10cv00303, 2010 WL 2754320, at *2 n.3 (W.D. Va. July 12, 2010) (collecting cases).

[6] To the extent that Sammons asserts the Jail's failure to provide him with cleaning supplies, clean clothing, or proper bedding, or that he was forced to remain laying on the floor covered in urine and feces, constitutes an Eighth Amendment violation, Sammons also fails to state a claim. The conditions Sammons alleges may have been uncomfortable, but he fails to plead sufficient facts to establish that these conditions rose to the level of an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("[The Constitution] does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."). Moreover, Sammons did not suffer an injury as a result of these conditions. See Strickler, 989 F.2d at 1380-81. Finally, Sammons fails to identify the individual defendants that did not provide him with the supplies or forced him to remain laying on the floor.

requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, prison staff were aware of the need for medical attention but failed either to provide it or ensure the needed care was available. See Farmer, 511 U.S. at 837.

Even assuming, without finding, that Sammons' injuries from the fall meet the objective prong, Sammons has not satisfied the Farmer subjective prong. Sammons does not establish personal involvement by any of the named defendants, all of which are non-medical professionals. Claims of inadequate medical care under the Eighth Amendment against a non-medical prison official require facts showing that the defendant was personally involved a denial of treatment, or tacitly authorized or was indifferent to the medical provider's misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir.1990) (overruled on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994)); Smith v. Barry, 985 F.2d 180, 184 (4th Cir. 1993). Sammons' complaint vaguely asserts that "the staff of Franklin County Jail failed to follow or fill" his prescriptions. (Compl. ¶ 43.) He does not plead facts to establish that any of the defendants was personally involved with his treatment. In fact, Sammons fails to name any staff member individually or demonstrate that any of them was even aware of his treatment needs. Accordingly, Sammons fails to state a claim against the defendants as to the medical indifference claim.[7]

---

[7] Sammons vaguely asserts that, while detained at the Western Virginia Regional Jail, he was not treated for his injuries. To the extent that Sammons alleges that Superintendent Russell is liable as supervisor of the Western Virginia Regional Jail, Sammons fails to plead any facts to establish that Superintendent Russell had actual or constructive knowledge that his subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Sammons. See e.g., Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

## IV.

For the foregoing reasons, I will grant defendants' motion to dismiss. An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 11th day of Sept., 2019.

*/s/ Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE